IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE : | CASE NO. 21-02870 ESL |
| LOURDES FONTANILLAS LOPEZ | CHAPTER 7 |
| Debtor | |
| LOURDES FONTANILLAS LOPEZ | |
| Plaintiff | |
| Vs. | ADV. PROC. 22-00042 |
| MORELL BAUZA CARTAGENA & DAPENA, LLC | FILED & ENTERED ON JAN/19/2023 |
| Defendant | |

<u>OPINION AND ORDER</u>

The instant adversary proceeding is before the court upon the motion to dismiss filed on November 14, 2022, by Defendants ANTONIO BAUZA SANTOS, EDGARDO CARTAGENA SANTIAGO, RAMON ENRIQUE DAPENA GUERRERO, MORELL BAUZA CARTAGENA & DAPENA LLC, MORELL CARTAGENA & DAPENA LLC, PEDRO ANTONIO MORELL LOSADA, GIOVANNA PAOLA MORENO LOPEZ, and LOURDES M VAZQUEZ ("MBCD") as to counts I and II, and for partial judgment as to count III (dkt. #46); the opposition filed by debtor/plaintiff, LOURDES FONTANILLA LOPEZ ("Debtor") (dkt. #47); and the reply to the opposition filed by MBCD (dkt. #56).

The case came before the court on December 9, 2022, for a preliminary pretrial. The minutes of the pretrial summarize the issue before the court. <u>See</u> dkt. #57. The court incorporates and references the same below.

> [T]he complaint filed by plaintiff against the defendant [requests] damages
>
> for an alleged violation of the automatic stay provisions arising from a state court

-1-

action initiated by the plaintiff herein against the defendant for requesting a writ of certiorari from the Supreme Court of Puerto Rico. On November 3, 2022, the parties filed a joint scheduling report. However, on November 14, 2022, the defendant filed a motion to dismiss (dkt. #46), which was opposed by the plaintiff (dkt. #47), and replies were filed by the defendant (dkt. #54 and dkt. #56).

[ . . . ]

ARGUMENTS PRESENTED AT THE HEARING

The parties argued their respective positions as to the motion to dismiss. Plaintiff alleges and sustains that the Defendant violated the automatic stay provisions of section 362(a) of the Bankruptcy Code by requesting a writ of certiorari in the state court action. Defendant[s] contend that the request for a certiorari in an action for collection of past due wages owed to plaintiff does not constitute a violation of the automatic stay, thus, counts I and II of the complaint should be dismissed. Defendant does not oppose that the plaintiff/debtor be paid the wages owed and seeks the prompt termination of the instant action. Amount for salaries owed will be paid by the Defendant to the Debtor within 30 days from entry of the judgment of dismissal as to the first two counts. Defendant emphasized that no counterclaim was filed against the Debtor in the state court action as none is available on such proceedings. Therefore, there can be no de facto counterclaim as alleged by the Debtor.

The court stated that the travel and litigious history between the parties to this action appears from the documents filed by both.

The court summarized the bankruptcy proceedings as follows: the voluntary chapter 7 petition was filed on September 28, 2021; no proof of claim has been filed in the instant case; the chapter 7 trustee filed a report of no distribution as no funds are available for distribution; a discharge order was entered on April 4, 2022; and Adversary Proceeding 21-00120 initiated by MORELL

BAUZA CARTAGENA & DAPENA, LLC ("MBCD") on the dischargeability of its debt was dismissed on March 21, 2021. The court also stated that any amounts owed and paid to the debtor as a result of the state court action filed by the Debtor for unpaid wages was claimed as exempt, and is, thus, not property of the estate, but property of the Debtor. Notwithstanding, the automatic stay provisions of section 362(a) apply to both property of the estate and property of the Debtor.

The court summarized the relevant state court proceedings, case number JPE 2017-0033, as follows: on January 27, 2017 Debtor filed a complaint against MBCD in the Ponce state court claiming unpaid wages; on July 13, 2021, the Superior Court of Ponce issued a decision in favor of MBCD; the Debtor filed a request for a writ of certiorari before the Puerto Rico Court of Appeals, and on September 17, 2021 the Court of Appeals reversed the Superior Court of Ponce; on September 28, 2021, the Debtor filed the voluntary chapter 7 petition; on October 7, 2021 MBCD filed a request for a writ of certiorari before the Supreme Court of Puerto Rico; and on February 2, 2022, the Supreme Court of Puerto Rico, at Debtor's request, stayed proceedings because of the existing bankruptcy proceedings.

The court stated to Plaintiff/Debtor that the key allegation in this case was that the automatic stay provisions were violated by MBCD for filing the request for a writ of certiorari before the Supreme Court of Puerto Rico. Upon questioning by the court, counsel for Debtor/Plaintiff could not and did not identify a specific collection action by MBCD when the state court action was an action initiated by the Debtor against MBCD for collection of wages.

The court stated that it had addressed similar issues in <u>Rentas v. Serrano (In re Garcia)</u>, 553 B.R.1 (Bankr. D.P. R. 2016) and will take the motion to dismiss under advisement. The court stayed discovery until a decision on the motion to dismiss is made.

Dkt. #57, pp. 1-3.

Jurisdiction

The Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b) and 157(a). This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(1) and (b)(2). Venue of this proceeding is proper under 28 U.S.C. §§ 1408 and 1409.

Fed. R. Civ. P. 12(b)(6)

"The purpose of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is to assess the legal feasibility of a complaint, not to weigh the evidence which the plaintiff offers or intends to offer." Velez Arcay v. Banco Santander de P.R. (In re Velez Arcay), 499 B.R. 225, 230 (Bankr. D.P.R. 2013), citing Ryder Energy Distribution Corp. v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2nd Cir. 1984); Citibank, N.A. v. K–H Corp., 745 F. Supp. 899, 902 (S.D.N.Y. 1990).

Fed. R. Civ. P. 8(a)(2), applicable to adversary proceedings through Fed. R. Bankr. P. 7008, mandates that complaints contain a "short and plain statement of the claim showing that the pleader is entitled to relief." "Although detailed factual allegations are not required, the Rule does call for sufficient factual matter". Surita Acosta v. Reparto Saman Inc. (In re Surita Acosta), 464 B.R. 86, 90 (Bankr. D.P.R. 2012). Therefore, to survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter that, accepted as true, "state[s] a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. at 556, 127 S. Ct. 1955. The Twombly standard was further developed in Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009), advising lower courts that "determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." 556 U.S. at 679, 129 S. Ct. 1937. "In keeping with these principles, a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the

-4-

framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. at 679, 129 S. Ct. 1937. In sum, allegations in a complaint cannot be speculative and must cross "the line between the conclusory and the factual". Peñalbert–Rosa v. Fortuño–Burset, 631 F.3d 592, 595 (1st Cir. 2011). "[A]n adequate complaint must provide fair notice to the defendants and state a facially plausible legal claim." Ocasio–Hemandez v. Fortuño–Burset, 640 F.3d 1, 11 (1st Cir. 2011).

In Schatz v. Republican State Leadership Committee, 669 F.3d 50, 55 (1st Cir. 2012), the U.S. Court of Appeals for the First Circuit (the "First Circuit") established a two-step standard for motions to dismiss under Fed. R. Civ. P. 12(b)(6). Step one: isolate legal conclusions. Step two: take the complaint's well-pleaded (non-conclusory) allegations as true, drawing all reasonable inferences in favor of the plaintiff and determine if they plausibly narrate a claim for relief. See Pérez v. Rivera (In re Pérez), 2013 WL 1405747 at *3, 2013 Bankr. LEXIS 1561 at *9–10 (Bankr. D.P.R. 2013); Zavatsky v. O'Brien, 902 F.Supp.2d 135, 140 (D. Mass. 2012); Guadalupe–Báez v. Pesquera, 819 F.3d 509, 514 (1st Cir. 2016).

The court construes the factual allegations in the complaint in favor of the Debtor/Plaintiff. The relevant facts in the complaint are not dispositive.  The issue before the court hinges on determining whether the actions plead in the complaint, namely, the request for a writ of certiorari before the Supreme Court of Puerto Rico in a state court action initiated by the Debtor/Plaintiff constitutes a violation of the automatic stay provisions of section 362 (a).

Violation of the Automatic Stay

The automatic stay provision in 11 U.S.C. § 362(a) is one of the basic protections under the Bankruptcy Code and becomes operative by the mere filing of the bankruptcy petition. Soares v. Brockton Credit Union (In re Soares), 107 F.3d 969, 971 (1st Cir. 1997). The automatic stay is extremely broad in scope and, "aside from the limited exceptions of subsection (b), applies to almost any type of formal or informal action taken against the debtor or the property of the estate." Alan N. Resnick & Henry J. Sommer, 3 Collier on Bankruptcy ¶ 362.03 (16th ed. 2022).

Furthermore, the automatic stay also protects creditors since it prevents the "dismemberment of a debtor's assets by individual creditors levying on the property. This promotes the bankruptcy goal of equality of distribution" Id. The automatic stay provides debtors with one of the cornerstone protections under bankruptcy law, giving debtors a "breathing room" from the pressures of their creditors. See In re Soares, 107 F.3d at 975. Given its utmost importance in the bankruptcy system, courts "must display a certain rigor in reacting to violations of the automatic stay." Id.

The court is fully conscious of the importance of the automatic stay in bankruptcy proceedings. However, whether the automatic stay has been violated depends to a large extent on the facts of the case and the totality of the circumstances.

Extent of the automatic stay to state court proceedings

This court held the following in In re Garcia, *supra*:

Courts have held that, "defensive acts by defendants (whether bankrupt or not) are not considered automatic stay violations" because the automatic stay should not tie the hands of defendants while plaintiff-debtors have "free reign to litigate." See Gordon v. Whitmore (In re Merrick), 175 B.R. 333, 337–338 (9th Cir. BAP 1994). The 9th Circuit Bankruptcy Appellate Panel in In re Merrick discussed this particular issue and stated as follows:

"The automatic stay gives the debtor a breathing spell from his creditors and allows the trustee to marshal assets of the estate for the benefit of creditors. While restraint of a defendant in a suit subject to prosecution by the estate arguably could contribute to an orderly processing of estate assets, we could find no case that supports the proposition that the automatic stay prevents a defendant from continuing to defend against a pre-bankruptcy lawsuit. To the contrary, there is substantial authority that the stay is inapplicable to postpetition defensive action in a prepetition suit brought by the debtor. The following portion of an opinion authored by Judge Posner is pertinent:

"For in any event the automatic stay is inapplicable to suits by the bankrupt ('debtor,' as he is now called). This appears from the statutory language, which refers to actions 'against the debtor,' 11 U.S.C. § 362(a)(1), and to acts to obtain possession of or to exercise control over 'property of the estate,' § 362(a)(3), and from the policy behind the statute, which is to protect the bankrupt's estate from being eaten away by creditors' lawsuits and seizures of property before the trustee has had a chance to marshal the estate's assets and distribute them equitably among the creditors. H. R. Rep. No. 595, 95th Cong. & Admin. News 1978, p. 5787. The fundamental purpose of bankruptcy, from the creditors' standpoint, is to prevent creditors from trying to steal a march on each other, In re Holtkamp, 669 F.2d 505, 508 (7th Cir.1982), and the automatic stay is essential to accomplishing this purpose. There is, in contrast, no policy of preventing persons whom the bankrupt has sued from protecting their legal rights. True, the bankrupt's cause of action is an asset of the estate; but as the defendant in the bankrupt's suit is not by opposing that suit, seeking to take possession of it, subsection (a)(3) is no more applicable that (a)(1) is. Martin–Trigona v. Champion Fed. Sav. & Loan Ass'n., 892 F.2d 575, 577 (7th Cir.1989). Accord, United States v. Inslaw, Inc., 932 F.2d 1467, 1473 (D.C.Cir.1991), cert. denied, 502 U.S. 1048, 112 S. Ct. 913, 116 L.Ed.2d 813 (1992); Merchants & Farmers Bank of Dumas Ark. v. Hill, 122 B.R. 539, 541 (E.D.Ark.1990)." In re Merrick, 175 B.R. at 336–337.

To determine whether a "proceeding" is subject to the automatic stay under section 362(a)(1), many courts have followed the analysis employed in the Third Circuit which is the following:

"Whether a specific judicial proceeding falls within the scope of the automatic stay must be determined by looking at the proceeding "at its inception." "That determination should not change depending on the particular stage of the litigation at which the filing of the petition in bankruptcy occurs." Thus, the

dispositive question is whether a proceeding was "originally brought against the debtor." Maritime Elec. Co. v. United Jersey Bank, 959 F.2d 1194, 1204–1205 (3d Cir.1992) (citations omitted).

553 B. R. at 14-15.

This court agrees with MBCD's position that "[t]o the extent that the claim was not 'against' the debtor at its inception because the debtor occupied a plaintiff's position, its further prosecution is not stayed pursuant to § 362(a)(1)." Dkt. #46, pp. 9-10. Therefore, and in accordance with In re Garcia, *supra*, the court concludes that MBCD's request for a certiorari in a state court action initiated by the Debtor against MBCD does not constitute a violation of the automatic stay provisions. Moreover, MBCD's request for Partial Judgment in relation to Count III awarding debtor/plaintiff the amount of $6,847.48, to be paid by MBCD thirty days after the entry of the Partial Judgment dispels any conclusory allegation of an intent by MBCD to avoid payment, irrespective of the merits of the contention.

Conclusion

In view of the foregoing, the motion to dismiss Counts I & II and to enter a Partial Judgment in relation to Count III is hereby granted, and consequently the amount of $6,847.48, shall be paid by MBCD to debtor/plaintiff thirty (30) days after the entry of the Judgment.

Judgment will be entered accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 19th day of January 2023.

Enrique S. Lamoutte
United States Bankruptcy Judge

-8-